IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEFFERY RYAN RICHMOND,<br><br>Defendant. | **ORDER OF FORFEITURE**<br><br>Case No. 2:20-cr-00258<br><br>Howard C. Nielson, Jr.<br>United States District Judge |

IT IS HEREBY ORDERED that:

1. As a result of a plea of guilty to Count 1 of the Indictment, Felon in Possession of a Firearm and Ammunition, for which the Government sought forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), Defendant Jeffery Ryan Richmond shall forfeit to the United States any firearm or ammunition involved in or used in any knowing violation of 18 U.S.C. § 922(g)(1).

2. Based on the information provided in the Government's motion, the Indictment, and Defendant's guilty plea that includes his agreement regarding this forfeiture, the court finds that one Kahr Arms CW45 handgun, SN: 8G3440 and associated ammunition are subject to forfeiture, that Defendant had an interest in said property, and that the Government has established the requisite nexus between the subject property and the offense.

3. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(1)(A), 18 U.S.C. § 924(d)(1), and 28 § U.S.C. § 2461(c), the property identified above is hereby forfeited to the United States.

4. Upon the entry of this Order, in accordance with Federal Rule of Criminal Procedure 32.2(b)(3), the Attorney General (or a designee) is authorized to seize the properties and conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture.

5. Upon entry of this Order, the Attorney General or Secretary of the Treasury (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party interests, including giving notice of this Order.

6. The United States shall publish notice of this Order on the Government's internet website, www.forfeiture.gov. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the subject property.

7. Any person, other than the above-named defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property, and amendment of the order of forfeiture pursuant to 21 U.S.C. § 853.

8. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(4), this Order of Forfeiture shall become final as to Defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Federal Rule of Criminal Procedure 32.2(c)(2).

9. Any petition filed by a third party asserting an interest in the subject property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the

petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claims, and the relief sought.

10. After the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A), and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

11. The United States shall have clear title to the subject property following the court's disposition of all third party interests or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853 which is incorporated by 18 U.S.C. § 982(b), for the filing of third party petitions.

12. The court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

DATED this 27th day of April, 2021.

BY THE COURT:

_____
Howard C. Nielson, Jr.
United States District Judge